PROB 12C
(6/16)

Report Date: October 2, 2020

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 02, 2020

SEAN F. MCAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Adrian Laroy Seymore               Case Number: 0980 2:16CR00211-WFN-1

Address of Offender: 1430 S Albertt St #2, Airway Heights, Washington 99001

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, U.S. District Judge

Date of Original Sentence: November 7, 2017

Original Offense:       Cyberstalking, U.S.C. §§ 2261A (2)(A) & 2261(b)(5)

Original Sentence:      Prison - 46 months;          Type of Supervision: Supervised Release
                        TSR - 36 months

Asst. U.S. Attorney:    James Goeke                  Date Supervision Commenced: February 10, 2020

Defense Attorney:       Roger Peven                  Date Supervision Expires: February 9, 2023

### PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: It is alleged that Adrian Seymore violated the terms of his supervised release by failing to appear for a random urinalysis test at Pioneer Human Services (PHS) on or about September 21 and 30, 2020.<br><br>On February 10, 2020, supervision commenced in this matter.  That same day, he appeared for a supervision intake.  The conditions of supervision were reviewed with him.  He signed his judgment acknowledging  an understanding of the conditions imposed by the Court, to include the above noted special condition number 5.<br><br>Mr. Seymore entered the Sobriety Treatment and Education Program (STEP) on August 20, 2020, at which time he was placed on the color red for random during testing at PHS.<br><br>Mr. Seymore failed to appear for drug testing at PHS on September 21 and 30, 2020, as required.  It should also be noted that on September 24 and 28, 2020, he appeared at PHS |

Prob12C
**Re: Seymore, Adrian Laroy**
**October 2, 2020**
**Page 2**

for drug testing, however, was considered a stall as he did not provide a sample prior to departing.

2     **Special Condition # 3:** You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete as approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

    **Supporting Evidence**: It is alleged that Adrian Seymore violated the terms of his supervised release by failing to attend substance abuse treatment with PHS on or about September 25, 2020.

    On February 10, 2020, supervision commenced in this matter. That same day, he appeared for a supervision intake. The conditions of supervision were reviewed with him. He signed his judgment acknowledging an understanding of the conditions imposed by the Court, to include the above noted special condition number 3.

    On September 25, 2020, Mr. Seymore failed to appear for a substance abuse treatment group. When contacted, he indicated he overslept.

3     **Standard condition #2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about ow and when you must report to the probation officer, and you must report to the probation officer as instructed.

    **Supporting Evidence**: It is alleged that Adrian Seymore violated the terms of his supervised release by failing to report to the United States Probation Office as directed, on or about October 1, 2020.

    On February 10, 2020, supervision commenced in this matter. That same day, Mr. Seymore appeared for a supervision intake. The conditions of supervision were reviewed with him. He signed his judgment acknowledging an understanding of the conditions imposed by the Court, to include the above-noted standard condition number 2.

    On October 1, 2020, Mr. Seymore appeared for his scheduled STEP session. He was sanctioned to jail time but was allowed the opportunity to self surrender the following day. Mr. Seymore left the courthouse in haste. Due to concerns related to possible drug use and a use of a urine device, the undesigned attempted to have him return to the probation office. Mr. Seymore did not answer the phone. A text message was sent directing him to return to the office. He did not respond, nor did he return to the office as directed.

Prob12C
**Re: Seymore, Adrian Laroy**
**October 2, 2020**
**Page 3**

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   10/02/2020

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

  10/02/2020

Date