PROB 12C
(6/16)

Report Date: July 23, 2021

# United States District Court

for the

## Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Adrian Laroy Seymore     Case Number: 0980 2:16CR00211-TOR-1

Address of Offender:     , Washington 99003

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: November 7, 2017

| | |
|---|---|
| Original Offense: | Cyberstalking, U.S.C. §§ 2261A (2)(A) & 2261(b)(5) |
| Original Sentence: | Prison - 46 months; TSR - 36 months |
| Asst. U.S. Attorney: | Michael Ellis |
| Defense Attorney: | John Barto McEntire, IV |

Type of Supervision: Supervised Release

Date Supervision Commenced: February 10, 2020

Date Supervision Expires: February 9, 2023

---

**PETITIONING THE COURT**

To issue a warrant and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 07/15/2021 and 07/19/2021.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 5 | **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation office about how and when you must report to the probation officer, and you must report to the probation officer as instructed. |

**Supporting Evidence**: It is alleged that Adrian Seymore violated the terms of his supervised release by failing to report as directed on or about July 22, 2021.

On February 10, 2020, supervision commenced in this matter. That same day, Mr. Seymore appeared for a supervision intake. The conditions of supervision were reviewed with him. He signed his judgment acknowledging an understanding of the conditions imposed by the Court, to include the above-noted standard condition number 2.

On July 22, 2021 at approximately 7 a.m., the undersigned made contact with Mr. Seymore by phone. At that time he was directed to obtain COVID-19 testing documentation and report to the United States Probation Office (USPO) no later that 2 p.m. that day to submit to urinalysis testing.

Prob12C
Re: Seymore, Adrian Laroy
July 23, 2021
Page 2

On July 22, 2021, at 3:40 p.m., the undersigned was notified by defense counsel that Mr. Seymore reported having vehicle problems and was en route to the probation office and would arrive within 20-30 minutes. Although he contacted his defense attorney, he made no effort to contact the undersigned prior to 2 p.m. or anytime thereafter.

Mr. Seymore arrived to the probation office at 4:30 p.m.

6  **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: It is alleged that Mr. Seymore violated the terms of his supervised release by using a device in an effort o defeat or falsify a urinalysis test on or about July 22, 2021.

On February 10, 2020, supervision commenced in this matter. That same day, Mr. Seymore appeared for a supervision intake. The conditions of supervision were reviewed with him. He signed his judgment acknowledging an understanding of the conditions imposed by the Court, to include the above-noted standard condition number 13. That same day the Substance Abuse Testing Instructions were reviewed with Mr. Seymore, which he subsequently signed. Number 16 of the testing instructions noted the following: You shall not use any product or device of any kind that is used to defeat or falsify a urinalysis test.

On July 22, 2021, Adrian Seymore reported to the probation office. He was directed to submit to urinalysis testing. During the testing procedure, U.S. Probation Officer (USPO) Heinen observed what appeared to be a plastic tube along side Mr. Seymore's penis. Mr. Seymore denied there being a device and refused further inspection by USPO Heinen. After multiple attempts to gain honesty from Mr. Seymore and provide him the opportunity to submit to a valid urinalysis test, Mr. Seymore refused and was subsequently asked to leave the probation office.

7  **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: It is alleged that Mr. Seymore violated the terms of his supervised release by failing to obtain COVID-19 testing, since on or about July 2, 2021.

On February 10, 2020, supervision commenced in this matter. That same day, Mr. Seymore appeared for a supervision intake. The conditions of supervision were reviewed with him. He signed his judgment acknowledging an understanding of the conditions imposed by the Court, to include the above noted standard condition number 13.

On June 12, 2021, Adrian Seymore chose to abort from a residential reentry center (RRC), citing he was concerned that another client residing at the RRC had tested positive for COVID-19. It should be noted that Mr. Seymore made no effort to reach out to his probation officer to discuss this matter, he simply packed up his belongings and left the RRC. Mr. Seymore was serving time at the RRC as part of a sanction for the Sobriety Treatment and Education Program (STEP).

Mr. Seymore subsequently reported testing positive for COVID-19 himself and as a result was prohibited from reporting to Pioneer Human Services (PHS) for random urinalysis testing. Mr. Seymore was directed to submit to weekly COVID-19 testing until he tested negative so that he could resume regular urinalysis testing and be referred back to the RRC.

Mr. Seymore last provided documentation of a COVID test on July 2, 2021.

On July 22, 2021, at approximately 7 a.m., Mr. Seymore was directed to acquire a COVID-19 test and report to the probation office by 2 p.m. with appropriate documentation. Mr. Seymore did not report until 4:30 p.m and did not provide any proof of COVID testing on July 22, 2021, or any other time since July 2, 2021.

8   **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Mr. Seymore violated the terms of his supervised release by failing to submit to urinalysis testing on or about July 22, 2021.

On February 10, 2020, supervision commenced in this matter. That same day, Mr. Seymore appeared for a supervision intake. The conditions of supervision were reviewed with him. He signed his judgment acknowledging an understanding of the conditions imposed by the Court, to include the above-noted special condition number 5.

On July 22, 2021, Adrian Seymore reported to the probation office. He was directed to submit to urinalysis testing. During the testing procedure, USPO Heinen observed what appeared to be a plastic tube along side Mr. Seymore's penis. Mr. Seymore denied there being a device and refused further inspection by USPO Heinen. After multiple attempts to gain honesty from Mr. Seymore and provide him the opportunity to submit to a valid urinalysis test, Mr. Seymore refused. After a final request to submit to a valid urinalysis test and remove the device, Mr. Seymore stated, "I'd rather not". He was then asked to leave the probation office.

9   **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence** It is alleged that Mr. Seymore violated the terms of his supervised release by consuming a controlled substance, amphetamine and methamphetamine, on or about July 15, 2021.

On February 10, 2020, supervision commenced in this matter. That same day, Mr. Seymore appeared for a supervision intake. The conditions of supervision were reviewed with him. He signed his judgment acknowledging an understanding of the conditions imposed by the Court, to include the above-noted special condition number 5.

Prob12C
Re: Seymore, Adrian Laroy
July 23, 2021
Page 4

On July 9, 2021, a sweat patch was applied to Mr. Seymore's lower back. On July 15, 2021, Mr. Seymore reported to the probation office for the purposes of having that sweat patch removed. The sweat patch was sent to the lab and has since been confirmed to have a positive presence for amphetamine and methamphetamine. It should also be noted that this sweat patch appeared to have been tampered with and it was not located on the same area of his back as when it is was applied.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a warrant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    07/23/2021

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Thomas O. Rice
United States District Judge

July 23, 2021
Date